IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE §
PETITION OF KENNETH T. § No. 644, 2015
DEPUTY FOR A WRIT OF §
MANDAMUS §

Submitted: January 6, 2016
Decided: February 29, 2016

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## O R D E R

This 29th day of February 2016, upon consideration of the petition for a writ of mandamus and the answer and motion to dismiss, it appears to the Court that:

(1) The petitioner, Kenneth Deputy, is an inmate at the Delaware Correctional Center ("DCC"). In May 2012, he filed a complaint with the Superior Court alleging medical malpractice against Dr. J. Conlan, DCC's medical director. The Superior Court granted Deputy's petition to file his complaint *in forma pauperis*. On January 16, 2015, the Superior Court issued a case scheduling order, which set a number of deadlines including a deadline for mediation to be concluded by November 27, 2015. On November 30, 2015, Dr. Conlan's counsel filed a letter with the Superior Court informing the court that Dr. Conlan had no interest in engaging in mediation because he intended to file a motion for summary judgment.

(2) Deputy filed his petition for a writ of mandamus in this Court on November 30, 2015, requesting that the Superior Court be directed to comply with its case scheduling order providing that mediation be concluded by November 27, 2015. Deputy also requests that a different judge be assigned to his case. Counsel for Dr. Conlan has moved to dismiss Deputy's petition on the ground that this Court lacks original jurisdiction to order the requested relief.

(3) We agree. This Court has authority to issue a writ of mandamus only when the petitioner can demonstrate a clear right to the performance of a nondiscretionary duty, no other adequate remedy is available, and the trial court arbitrarily failed or refused to perform its duty.[1] A writ of mandamus will not be issued "to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[2]

(4) A writ of mandamus is not warranted under the present circumstances because case scheduling is a matter that is within the discretion of the trial court[3] and because Deputy cannot establish a clear

---

[1] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

[2] *Id.*

[3] *In re Lucas-Insertco Pharm. Printing Co.*, 2002 WL 86809, *1 (Del. Jan. 15, 2002).

2

right to mediation in his case.[4] Moreover, recusal is a matter that is within the discretion of the judicial officer whose recusal is sought.[5] To the extent the trial judge denies any motion for recusal, which Deputy has not even filed, that order would properly be reviewable on appeal.[6]

NOW, THEREFORE, IT IS ORDERED that Deputy's petition is hereby DISMISSED.

BY THE COURT:

_____
Justice

---

[4] Del. Super. Ct. Civ. R. 16(g) (2015) (providing, in part, that compulsory alternative dispute resolution, including mediation, does apply to actions that are filed *in forma pauperis*).

[5] *Id.*

[6] *In re Evans*, 2007 WL 2111090 (Del. July 24, 2007).